Good morning, Your Honors, and may it please the Court. This Court should remand Mr. Lechuga's case to the District Court for two primary reasons. First, the District Court erred by employing an incorrect analytical framework. The District Court used a balancing test instead of following the sequential two-step analysis that is provided in the statute and was clarified by this Court in Thacker. The District Court's approach impedes meaningful appellate review. Second, the District Court's analysis as to the first step, whether an extraordinary and compelling reason for relief exists to reduce Mr. Lechuga's sentence, was inadequate because the District Court did not address two of Mr. Lechuga's principal arguments individually, did not consider Mr. Lechuga's extraordinary and compelling reasons cumulatively, and its analysis was premised on a significant factual mistake. The most striking error here is that the District Court did not consider Mr. Lechuga's excessive sentence as an extraordinary and compelling reason for release in addition to a 3553A factor. Can I pause you right there? There's no argument that the sentence was unlawful. That's correct, Your Honor. So if it's not an unlawful sentence, how as a legal matter can it be an extraordinary and compelling circumstance warranting a reduction? I know there may be other factors, and he's arguing that there's other factors, but how can the sentence alone, if you stipulate that it was lawfully imposed, satisfy that statutory criterion? This Court has held in Thacker and Gunn that District Courts have broad discretion to conclude what extraordinary and compelling reasons may constitute. And the argument is that Mr. Lechuga's sentence- Right, and it's one of the things we said in Thacker, that a lawfully imposed mandatory minimum sentence cannot meet those statutory criterion, didn't we? Your Honor, the Thacker issue, I believe, was limited to whether a sentence that was due to excessive sentence argument here. First of all, there is no mandatory minimum at issue here, and that's a key factual error that the District Court made. And then second, that's an excessive sentence argument that stands on its own because Mr. Lechuga's sentence, in consideration of his exceptional rehabilitation and the dangers of the COVID-19 pandemic, together constitute an extraordinary and compelling reason. And that is what the District Court did not consider in its analysis. The mandatory minimum issue is one that both parties agree there is no mandatory minimum issue here. When the District Court was evaluating Mr. Lechuga's excessive sentence argument, it mistakenly believed, and I quote here from the District Court's order, that Mr. Lechuga received the lowest possible sentence because he was sentenced due to a mandatory minimum. Did you waive that? Did you waive that point by not including it in your blue brief? It's in your gray brief. In fact, you lead with it. But I didn't see it in your blue brief. Your Honor, we did identify the mandatory minimum error as part of our excessive sentence argument in our blue brief on page seven to eight, note six. And our more full development of that argument in our reply brief was in part in response to something that the government included in its response. And that was that the government argued that the District Court's lack of consideration of the excessive sentence argument was harmless here because FACER would preclude any relief because there was a mandatory minimum sentence. Because of that inclusion, we sought to address both the implications of that misunderstanding. And at the same time, the government in its response and its statement of the case does again say that there is no mandatory minimum in this case. So we wanted to just take the opportunity to fully clarify the record on that issue. But we did note the issue in our original brief, and that was in full on the record before the District Court as well. I did not see anything in the record indicating that Mr. LeChuga suffered from health effects. And yet you cite this as being ignored by the District Court. I see a brief reference in a footnote in the reply, but can you tell me what the record evidence is of his post-infection health problems that are related to COVID? Yes, Your Honor. Mr. LeChuga was diagnosed with COVID-19 in October, as you're aware. And in May of this year, so some six months later, medical records show that he was reporting to the medical office, still reporting effects such as a lack of taste and a lack of appetite. And these types of symptoms would indicate that Mr. LeChuga properly belongs within the category of people that are considered COVID long haulers who continue to experience effects of COVID-19 more than four weeks after infection. And there is also a potential here that because of Mr. LeChuga's comorbidities that placed him at increased risk in the original infection or serious long-term damage to organs. And so far... But because time is short, you really will have to contend with Broadfield and Ogba and our more recent decision in Martin. Thacker and Martin eliminate the excessive sentence argument and Broadfield and Ogba eliminate any other COVID related argument because of the availability of vaccination. And there is no case that's been made that your client cannot receive a vaccine medically. I completely agree, Your Honor. Our client eliminates the entire set of arguments that Mr. LeChuga has not appealed. I completely agree, Your Honor, that it's important to address Broadfield here. Our client, in fact, is making arguments that are squarely brought up by the language of Broadfield and Ogba because he has contended that he is medically unable to benefit from the vaccine in the same way as most people are. And that's because his comorbidities lower the efficacy of the vaccine. In addition, because of the changing nature of the pandemic, what it means to be fully vaccinated continues to change. And there may be an issue of whether or not he is fully vaccinated in the future, depending on the availability of boosters in the BOP. I would reserve the rest of my time for rebuttal. I want to ask a very quick question because your brief is a bit evasive on the question. Is he vaccinated? Yes, he is, Your Honor. He was vaccinated in February and March of 2021. Why didn't you tell us that? Your Honor, we did not mention it because it was not before the district court. It was not before the district court. It was not before the district court. And second, because our position is that the availability and Mr. Lachuga's vaccination status do not impact some of his other arguments on appeal that are not related to the risk of COVID-19 at all, such as his excessive sentence and exceptional rehabilitation and the district court's factual error as to the mandatory minimum issue. Vaccination status is at issue by virtue of Broadfield and Agba, and the government has asserted both of those cases. And so it was highly relevant and absolutely imperative that you tell us what his vaccination status is. So that was a failure on the part of your supervising attorneys that I'd like to draw attention to. Also, with Mr. Lachuga's incarceration status now, it was my understanding that he was due to be released to a halfway house. Do we actually have a live controversy? Your Honor, as of today, Mr. Lachuga is still in prison at FCI Oxford with a projected release date of October 2022. He has informed us that he is scheduled to be transferred to the custody of a halfway house within the next few weeks. We have not had any confirmation that that will happen. And with Omicron and changing conditions, we are wary of relying on that. But even if he were in custody at the halfway house, we would still request that his sentence be reduced to time served. And there is still relief available if this court were to remand. All right. Thank you very much. Thank you. May it please the court. Good morning. My name is Megan Morrissey, and I represent the government in this matter. The district court properly exercised its considerable discretion in denying defendant's motion for compassionate release. First, defendant failed to establish an extraordinary and compelling reason for his release. As to the defendant's health conditions, the district court did not err in finding that these conditions were not so serious as to justify release. And as your honors have noted, the availability of vaccines has obviated this argument in support of the statutory factors for release. Defendant claimed for the first time in his reply that he was unable to benefit medically from the full protection of the vaccines. But there is no only evidence to which defendant can point is an outdated declaration from November of 2020, which well predated the availability of vaccines. And that declaration was submitted by a doctor who did not treat defendant and was not commenting on his specific medical profile. So the record fails to establish that the defendant will not receive the full protection of the COVID vaccines. And of course, we've since had substantial evidence from the CDC that the vaccines are overwhelmingly effective in preventing large portions of the population from serious illness due to COVID. Defendant also failed to establish that the excessiveness of his sentence could qualify as an extraordinary and compelling reason for release. As your honors have noted, this court's decisions of late have eliminated that as a possible consideration. And in any event, the defendant's argument that the district court failed to comment on this as a possible reason for release is belied by the district court's order. Finally, the defendant failed to establish that his rehabilitative efforts were extraordinary. The district court did in fact acknowledge the positive steps defendant had taken in prison to avail himself of educational opportunities, but the district court failed to find that they rose to the level of extraordinary and compelling. That was not an abuse of its discretion. Finally, the district court properly held that even if the defendant had established an extraordinary and compelling reason for release, the 3553A factors weighed heavily against any such release. In assessing those factors, the district court gave substantial weight to the extremely serious nature of the defendant's offenses, his decades-long involvement in a violent gang, and the need to promote respect for the law. Again, these judgments were fully supported by the record and well within the court's discretion. For all those reasons, the government respectfully requests that the court affirm the district court's order. I'd like to ask you something, please. The district court stated that it wasn't sure about the order of operations between considering the 3553 factors and a finding of extraordinary and compelling reasons. Does the government have an opinion about whether the order of operations, as the district court called it, matters in this case? Well, as the district court did not have the benefit, of course, of the subsequent clarification offered by Thacker, the government's position, though, is that the district court still satisfied Thacker's directive. It did give full and fair consideration to the arguments defendant proffered as extraordinary and compelling reasons, and it certainly gave full and fair consideration to all of the 3553A factors. Ms. Morrissey, just a brief question. Is your knowledge of the defendant's status today and any plans to transfer him to a halfway house in line with what defense counsel represented? It is, Your Honor. Thank you. Would you agree that it's a very fluid situation since none of us know what tomorrow will bring? I would certainly agree with that, Your Honor. All right. Thank you very much. But if you have something to say by way of rebuttal, I'll give you some extra time. Thank you very much, Your Honor. In rebuttal, I would just highlight that the order of operations here matters greatly, and that's for a reason that the government pointed out. The district court does find that Mr. LeChuga's exceptional rehabilitation weighs in our favor. Our concern is that the district court was under a misapprehension about the extent of its discretion when considering extraordinary and compelling reasons for release, and that's because in the district court's order, whenever it mentions extraordinary and compelling reasons for release, it refers exclusively to Mr. LeChuga's health or rehabilitation rises to the level of extraordinary and compelling reasons when considered in conjunction with Mr. LeChuga's health status. And this could make a difference on remand, especially because the district court's conclusion was not that Mr. LeChuga's health conditions offer no reason for release. He concludes that they do support release, but found that they did not rise to the level of extraordinary and compelling reasons. So if the district court on remand, with the benefit of this court's decision and backer, were to follow the proper procedure, correct its factual errors to the mandatory minimum issue, and consider Mr. LeChuga's extraordinary and compelling reasons cumulatively, you could well have a different outcome. Thank you very much, Your Honors. Thank you very much. Thanks to both to our counsel in the case that's taken under advisement.